Pages 1-11

```
                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
                          SAN JOSE DIVISION


WSOU INVESTMENTS, LLC d/b/a    ) Case No.   21-cv-07557-BLF
BRAZOS LICENSING AND           )            21-cv-07558-BLF
DEVELOPMENT,                   )            21-cv-07560-BLF
                               )            21-cv-07561-BLF
          Plaintiff,           )            21-cv-07562-BLF
                               )
    vs.                        ) San Jose, California
                               ) Thursday, March 3, 2022
JUNIPER NETWORKS, INC.,        )
                               ) ZOOM WEBINAR PROCEEDINGS
          Defendant.           )
_____)
```

TRANSCRIPT OF CASE MANAGEMENT CONFERENCE
BEFORE THE HONORABLE BETH LABSON FREEMAN
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For Plaintiff:          SARAH G. HARTMAN, ESQ.
                        Brown Rudnick LLP
                        2211 Michelson Drive, 7th Floor
                        Irvine, California 92612
                        (949) 440-0245

For Defendant:          TODD M. BRIGGS, ESQ.
                        Quinn Emanuel Urquhart &
                        Sullivan, LLP
                        555 Twin Dolphin Drive, 5th Floor
                        Redwood City, California 94065
                        (650) 801-5000

Also Present:           DAVID M. SAUNDERS, ESQ.
                        Juniper Networks
                        1133 Innovation Way
                        Sunnyvale, California 94089-1228


Proceedings recorded by electronic sound recording; transcript produced by transcription service.

                                                                     2

1  APPEARANCES: (Cont'd.)

2  Transcription Service:      Peggy Schuerger
                                Ad Hoc Reporting
3                               2220 Otay Lakes Road, Suite 502-85
                                Chula Vista, California 91915
4                               (619) 236-9325

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SAN JOSE, CALIFORNIA   THURSDAY, MARCH 3, 2022   11:06 A.M.

--oOo--

THE CLERK: Calling Case 21-7557, WSOU Investments v. Juniper Networks, Related Case 21-7558, Related Case 21-7560, Related Case 21-7561, and Related Case 21-7562 all under the same case name.

Counsel, if you would please state your appearances, and if we could begin with Plaintiff and then move to Defense. Thank you.

MS. HARTMAN: Thank you. Good morning, Your Honor. This is Sarah Hartman from Brown Rudnick for the Plaintiff, WSOU Investments d/b/a Brazos Licensing and Development.

THE COURT: Good morning.

MR. BRIGGS: Good morning, Your Honor. This is Todd Briggs from Quinn Emanuel on behalf of the Defendant in this case, Juniper Networks.

THE COURT: Thank you.

MR. BRIGGS: Also I believe on the call with us is Mr. David Saunders, who is the Director of Litigation for Juniper Networks.

THE COURT: Good. And thank you for joining us. I appreciate that. Okay. Let's deal with something simple -- five cases with five patents -- compared to what I was just working on. So this case management conference is a little bit out of order because I did stay the case pending the determination of the IPRs,

1  but because that can take time and I never had a case management
2  conference, I just wanted us to kind of lay hands on the case
3  together and talk about a few things.  I'm not lifting the stay,
4  but this is helpful to me and I -- because once the case comes
5  back from IPR, unless you resolve it right away, because of that,
6  I want us to be able to move along with it.
7      So the first thing -- let me just raise a few issues.  I know
8  the case is actually kind of midstream if you look at all that's
9  happened in the Western District of Texas, but a lot of it's going
10 to have to be redone, and I'm sorry.  So I just want to put that
11 out there.
12     I know you had claims construction, but you tell me that six
13 of the eight terms were defined as plain and ordinary meaning.
14 That may be correct, but I have come to the belief that that buys
15 problems at trial when the experts start defining "plain and
16 ordinary" to the jury and, therefore, we don't have adequate
17 claims construction.  So we'll need to talk about whether any of
18 those plain and ordinary constructions actually need to be
19 revisited.
20     There are terms that are plain and ordinary.  I don't want to
21 suggest otherwise.  But when six of eight of them went that way --
22 and this was not a judicial determination of claims construction,
23 I believe.  I think you got shuttled off to somebody else -- I'm
24 a little concerned.
25     I -- I also anticipate consolidating the five cases and

1  having a single trial, so I just want to -- I'm going to say it
2  again.  I'll let you brief it.  You may persuade me otherwise.
3  But I anticipate consolidating the cases and having a single
4  trial.  And if it's still five patents when we get to trial,
5  you'll be able to discuss with me the proper amount of time for yo
6  to present your case to the jury.
7       So I want to be really clear that -- I think there may be
8  motions to dismiss pending that were terminated.  Is that right,
9  Mr. Briggs?
10           MR. BRIGGS:  That's correct, Your Honor.
11           THE COURT:  Okay.  Well, we're going to -- we're going
12 to have one motion to dismiss, not five.  They may all be the
13 same.  I don't -- I never read them because the case got stayed
14 before I needed to.
15      It looks as though the outside date for the IPR decisions is
16 going to be November of this year.  Is that still -- there's no
17 reason to doubt that?
18           MR. BRIGGS:  That's correct for the IPRs.
19           THE COURT:  Okay.
20           MR. BRIGGS:  But there's also an ex parte re-exam which
21 has an undefined, you know, termination date.
22           THE COURT:  Okay.
23           MR. BRIGGS:  But --
24           THE COURT:  Well, hmm --
25           MR. BRIGGS:  Based on -- based on statistics, PTAB

1 statistics, and looking at prior EPRs and how things are going
2 these days on that front, --
3     THE COURT:  Yep.
4     MR. BRIGGS:  -- we would anticipate that that EPR would
5 be finalized probably by September of --
6     THE COURT:  Oh.
7     MR. BRIGGS:  -- 2023.
8     THE COURT:  Of 2023.  Okay.
9     MR. BRIGGS:  At the latest.
10    THE COURT:  All right.  So let me just tell you that
11 when all of the IPRs are concluded, you should ask for case
12 management because it may be that we're going to go forward and
13 leave one patent behind.  I don't know -- I'm not -- I don't know
14 yet, and you don't know what you're going to be left with after
15 IPR.  I don't -- and I'm not consolidating the cases because the
16 case is stayed.  I want to be clear I'm not inviting motions now
17 or any of that.  Because, you know, if the landscape changes, then
18 it may be that nobody even disagrees with where I think we're
19 headed.  So I don't want your clients to have to spend money
20 unnecessarily.  That's the whole point of the IPRs.
21     Okay.  So I know that you have infringement and invalidity
22 contentions out there, and I gather that you still owe me damages
23 contentions under our Local Rules, Ms. Hartman; is that right?
24    MS. HARTMAN:  Yes, Your Honor.  We did not do that in
25 the Western District.

1  THE COURT: That's fine. I'm going to want you to
2  provide a new set under the Northern District Rules, not just
3  supplement what you have. I think it's just too complicated. And
4  to the extent the rules are the same, you'll just be cutting and
5  pasting. But I don't want to have to refer to two documents. So
6  when -- when I lift the stay and you're doing that, I want you to,
7  under our Patent Local Rules, to -- to re-issue all of those
8  disclosures.
9  And -- let's see. There was -- and I certainly will be
10 wanting a tutorial on these patents and -- and then we'll decide
11 whether there's going to be further claims construction.
12 So those are my comments. It's limited at this point. So,
13 Ms. Hartman, any -- anything you'd like to inform me of about the
14 case in general, where you think it's headed?
15 MS. HARTMAN: Thank you, Your Honor. I actually -- I
16 just have a quick question just to confirm what you just said.
17 When we re-issue the contentions pursuant to the Northern District
18 Local Rules, you also want the damages contentions when the stay
19 is lifted; right? -- or --
20 THE COURT: When the stay is lifted. Right.
21 MS. HARTMAN: Okay. Thank you. Thank you, Your Honor.
22 I appreciate that. We -- nothing of -- nothing actually that was
23 different than what we talked about in the case management report.
24 THE COURT: Great.
25 MS. HARTMAN: Nothing to alert you to. Thank you,

1  though.
2            THE COURT:  Okay.  Mr. Briggs?
3            MR. BRIGGS:  Your Honor, the only observation I would
4  like to point out is that -- and I understand that you're
5  potentially going to entertain additional claim construction
6  briefing.  And on that point, I would just note that during the
7  IPRs, there might be statements made by --
8            THE COURT:  Right.
9            MR. BRIGGS:  -- by -- by the patent holder that could
10 have a substantial impact on the meaning of the claim terms.
11           THE COURT:  Right.
12           MR. BRIGGS:  So I -- I fully agree with your -- your
13 thoughts that claim construction should be revisited after the
14 stay is lifted.
15           THE COURT:  Good.  Okay.  And on claims construction,
16 you'll just submit totally new briefs with totally new arguments
17 and -- you know, there may be a chart of terms that you no longer
18 dispute, but -- and it will be -- because -- you should expect
19 that it will be ten terms across the five patents.  So as
20 you're -- because I've stayed the case, but obviously in-house you
21 may be continuing to do a significant amount of work on the case
22 so that you're ready to go.  And I -- I just want to be clear on
23 that.  I'm not construing 50 claims because it's five cases.  And
24 that's -- and I -- you know, as I say, I'm really expecting that
25 these will be consolidated, but I'm going to wait for that until

we see what we've got.

Okay. Well, I don't -- actually didn't expect to accomplish anything else today. I just -- I just don't like cases to get too old, and I know that your clients have been in the mix on this for a year and a half already, so hopefully that gives them some confidence that there actually is a judge who's looking at the case and it didn't go into the ether when the Western District of Texas let it go. I know they're very hands-on and they move you along very quickly.

I will hope to see you either before the end of the year or right early in January after the IPRs are completed. So if you would send -- I won't know when that happens. If you would send me a request for case management conference as soon as you get the order from the -- from the PTAB, then I'll go ahead and set it for case management.

Certainly if something occurs between now and then that you think we should get together on, doing it this way is -- is really easier on all of us. And so what I'll ask that you do, even because -- even in light of a stay, we can do some -- we can have a case management conference because I'm not making any rulings. So if something comes up, all you need to do is to send me a joint statement of the issue, your positions, and ask for case management conference. It's meant to be brief. And then we'll do this. And I'm -- you know, normally I can get you on the next week's calendar on those interim ones.

10

1    When we do our first full case management conference under
2    Rule 16, that's a whole process where we're looking at a whole
3    case schedule.  That -- I can't schedule that in a week.  That
4    takes a lot of -- I need a lot of time on the clock to get those
5    done, but this was just short.
6        Okay.  Well, thank you.  Is there anything else, Ms. Hartman,
7    you wanted to add?
8            MS. HARTMAN:  No, Your Honor.  Thank you.
9            THE COURT:  Mr. Briggs, anything else?
10           MR. BRIGGS:  No, Your Honor.  Thank you.
11           THE COURT:  All right.  Good.  All right.  Well, I'll
12   look forward to seeing you before the end of the year.  Let's hope
13   for the best.
14           MR. BRIGGS:  Thank you, Your Honor.
15           MS. HARTMAN:  Thank you, Your Honor.
16           THE COURT:  All right.  Thank you.
17           MR. BRIGGS:  Bye-bye.
18           MS. HARTMAN:  Bye-bye.
19           THE CLERK:  Court is adjourned.
20   //
21   //
22   //
23   //
24   //
25   //

1  (Proceedings adjourned at 11:16 a.m.)

2

3     I, Peggy Schuerger, certify that the foregoing is a
4  correct transcript from the official electronic sound recording
5  provided to me of the proceedings in the above-entitled matter.

6

7  _____        March 20, 2022
   Signature of Approved Transcriber    Date
8

9  Peggy Schuerger
   **Ad Hoc Reporting**
10 Approved Transcription Provider
   for the U.S. District Court,
11 Northern District of California